

# NUMBER 13-07-00137-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**ADAM CANTU,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                            **Appellee.**

### On appeal from the 117th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Chief Justice Valdez**

A jury convicted appellant, Adam Cantu, of second-degree burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02 (Vernon 2003). The trial court imposed a suspended eight-year prison term, five years of probation, restitution not to exceed $5,500, and court costs. Appellant's sole issue on appeal is whether the trial court erred in reading back certain testimony in response to a jury note. *See* TEX. CODE CRIM. PROC. ANN. art. 36.28

(Vernon 2006).  We affirm.

## I. BACKGROUND

In July of 2007, Veronica Elizondo was out of town when someone broke into her house and stole approximately $5,000 worth of property.  The burglar entered through a window and exited by prying open a door.  Ms. Elizondo's next-door neighbor, Abelino Cantu, noticed that her front door was open and walked over to the house to check on it.  Mr. Cantu suspected that his 17 year-old son, Adam, was involved because he had been having trouble with Adam concerning curfew, marijuana, and general disobedience.

Mr. Cantu asked Adam if he had broken into Ms. Elizondo's house and Adam said, "No."  Mr. Cantu did not believe him, so he called Adam's friend, Daniel Mauricio, demanding that he return the property or Mr. Cantu would call the police.  Adam eventually admitted his involvement to Mr. Cantu, and they went to a business location where they recovered some of the stolen property.  They entered the Elizondo house and replaced the stolen property.

Mr. Cantu called Ms. Elizondo's father, who met them at the house just as Ms. Elizondo was returning from her trip.  The police were eventually called and Adam's fingerprint was found on a pickle jar that had been used to open the back door.

The State charged appellant with burglary of a habitation.  Appellant pleaded not guilty, and the case proceeded to trial.  During deliberations, the jury sent six notes to the trial judge, five of which were requests for read-back of testimony.  Defense counsel objected to at least three of the testimony read-back requests, but these objections were overruled.

The jury ultimately found appellant guilty of "burglary of a habitation with intent to

2

commit theft" and the trial court imposed a suspended eight-year prison term, five years of probation, restitution not to exceed $5,500, and court costs. This appeal followed.

## II. JURY REQUEST TO REVIEW TESTIMONY

In a single issue, appellant argues that the trial judge erred by not strictly complying with article 38.28 of the Texas Code of Criminal Procedure. *Id.* Specifically, appellant complains that testimony read back in response to jury note No. 4 "had the effect of a court comment on the evidence favorable to the state's case." Article 36.28 provides:

> In the trial of a criminal case in a court of record, if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other . . .

*Id.*

The State argues that the record does not preserve this complaint for review. We therefore first address whether the complaint has been preserved and, second, the complaint itself.

## A. Preservation for Review

As a prerequisite to presenting a complaint for appellate review, the record must show that a complaint was made to the trial court by timely request, objection, or motion such that the trial court was aware of the specific grounds for the complaint. TEX. R. APP. P. 33.1(a)(1)(A). Furthermore, the trial court must have either ruled, expressly or impliedly, or refused to rule on the request, objection, or motion. TEX. R. APP. P. 33.1(a)(2).

The State argues that the record does not preserve appellant's complaint for review because: (1) there is a lack of clarity in the reporter's record about which discussions between counsel and the trial judge pertained to which jury note; and (2) there is no written

3

response from the trial judge on jury notes two and four.

While the State is correct that the record is not clear on defense counsel's objections to the testimony read-back requests, the record does show that defense counsel objected to at least three of the five requests. Furthermore, the record shows that defense counsel stated the following grounds: "They [the jury] are asking for a generalized read-back of all the testimony in regards to going over to . . . get the property back." This is consistent with the subject matter of jury note No. 4, which states, "Testimony from Adam and father regarding trip to Saratoga business location to recover property and who went." Defense counsel also stated that, "They [the jury] don't seem to have a disagreement." This language is consistent with article 36.28 of the code of criminal procedure. Therefore, we hold that the requirements of TEX. R. APP. P. 33.1(a)(1)(A) are met.

Regarding rule of appellate procedure 33.1(a)(2), the trial judge explicitly overruled defense counsel's objections at least three times. We, therefore, hold that appellant's complaint is preserved for appellate review.

## B. Analysis

For the purposes of testimony read-back under article 36.28 of the code of criminal procedure, we review a trial judge's conclusion about whether there is a factual dispute between jurors for an abuse of discretion. *Howell v. State*, 175 S.W.3d 786, 790 (Tex. Crim App. 2005). "An appellate court should not disturb a trial judge's decision under Art. 36.28 'unless a clear abuse of discretion and harm is shown.'" *Id.* at 792 (quoting *Brown v. State*, 870 S.W.2d 53, 55 (Tex. Crim. App. 1994). The *Howell* court articulated the appropriate test as follows:

> The test for an abuse of discretion "is not whether, in the opinion of the

4

reviewing court, the facts present an appropriate case for the trial court's action; rather, it is a question of whether the trial court acted without reference to any guiding rules or principles, and the mere fact that a trial court may decide a matter within its discretionary authority differently than an appellate court does not demonstrate such an abuse."

*Id*. at 792 (quoting *Randon v. State*, 107 S.W.3d 646, 648 (Tex. App.–Texarkana 2003, no pet.)).

The record shows that the trial judge did not act "without reference to any guiding rules or principles" and, as such, did not abuse her discretion in overruling the defense counsel's objections. *See id*. The trial judge stated that she believed the jury's request "was specific enough to meet the rules" and that she was inferring a disagreement between the jurors. Specifically, the judge noted:

> And I would state that they . . . started deliberations at 9:30 yesterday. It is now almost 12:00. This jury is very diligent and is making sure before they enter a verdict, and I don't see this as anything but obviously they have a disagreement with regards to this and this resolves the disagreement.

The judge then ordered the requested testimony to be read to the jury, just as she had with all of the other read-back requests.

"Although a simple request for testimony is insufficient to reflect a dispute, a trial judge may, in its discretion, infer a dispute in a given case. The judge's inference of the dispute need only have some basis other than mere speculation." *Id*. Given the context of this jury's long deliberations, the many specific testimony read-back requests, and jury note No. 3, which reflected a deadlock, it was reasonable for the trial judge to infer a dispute over the substance of the requested testimony. We conclude that the trial court did not abuse its discretion in ordering the requested testimony to be read to the jury. Appellant's sole issue on appeal is overruled.

5

### III.  CONCLUSION

The judgment of the trial court is affirmed.

 

 

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 26th day of June, 2008.